14-2797-cr (L)
United States v. Johansen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of January, two thousand fifteen.

Present:    ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                v.                                  14-2797-cr(L),
                                                    14-2799(CON)

JOHN JOHANSEN,

                        *Defendant-Appellant*.

_____

Appearing for Appellant:    Alan S. Futerfas (Ellen B. Resnik, *on the brief*), Law Offices of
                            Alan S. Futerfas, New York, NY.

Appearing for Appellee:     Daniel A. Spector, Assistant United States Attorney, of Counsel
                            (Amy Busa, Assistant United States Attorney, of Counsel), *for*
                            Loretta E. Lynch, United States Attorney for the Eastern District
                            of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Townes, *J.*).


**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and they hereby are **AFFIRMED**.


John Johansen appeals from the July 31, 2014 judgments of the United States District Court for the Eastern District of New York (Townes, *J.*) principally sentencing him to 28 months' imprisonment and imposing forfeiture and restitution orders. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's sentencing decisions for procedural error under a "deferential abuse-of-discretion standard," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted), which "incorporates *de novo* review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact," *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008).

"A district court commits procedural error where it . . . selects a sentence based on clearly erroneous facts . . . ." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). To hold that a factual finding is "clearly erroneous," we must be "left with the definite and firm conviction that a mistake has been committed." *Cavera*, 550 F.3d at 204 (internal quotation marks omitted). However, where "the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Mi Sun Cho*, 713 F.3d 716, 722 (2d Cir. 2013) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985) (internal quotation marks omitted)).

Johansen argues that the district court committed procedural error by relying on an erroneous factual finding about his financial condition and by impermissibly considering his inability to pay the forfeiture money judgment in imposing sentence.

We do not agree with Johansen's characterization of the record. The transcript of the sentencing hearing does not support Johansen's assertion that the district court found that he transferred property to others in order to render himself judgment-proof. Rather, the district court accurately described Johansen's assets and commented that the victims of his scheme were unlikely to receive restitution given his impecunious state. The district court's remarks evince no indication that it considered Johansen's inability to pay restitution as an aggravating factor in imposing sentence. *See Williams v. Illinois*, 399 U.S. 235, 240–42 (1970) (holding that an individual may not be held in continued confinement beyond the statutory maximum because of his failure to pay a fine). The district court also accurately described Johansen's failure to pay the forfeiture money judgment. The transcript of the sentencing proceeding does not support Johansen's contention that the district court considered this factor in selecting the term of imprisonment. Accordingly, we find no procedural error.

We have considered the remainder of Johansen's arguments and find them to be without merit. The judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk