12-1084-cr
United States v. Cho

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: March 7, 2013      Decided: April 16, 2013)

Docket No. 12-1084-cr

UNITED STATES OF AMERICA,

*Appellee*,

— v. —

MI SUN CHO, also known as Sealed Defendant 12, also known as General, also known as FNU LNU 3,

*Defendant-Appellant.*[*]

B e f o r e:

WALKER, SACK, and LYNCH, *Circuit Judges*.

Defendant-appellant Mi Sun Cho appeals from a judgment of conviction entered

on March 15, 2012, following a five-day jury trial in the United States District Court for

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

the Southern District of New York (Kimba M. Wood, *Judge*). The jury found Cho guilty of one count of conspiring to violate sex trafficking laws in violation of 18 U.S.C. §§ 2241 and 2422 and two substantive sex trafficking counts in violation of 18 U.S.C. §§ 2241 and 2. On appeal, Cho contends, among other things, that the evidence was insufficient to establish one of the substantive counts of transporting a prostitute in interstate commerce in violation of 18 U.S.C. § 2421. We disagree, and because we find all of Cho's remaining arguments to be meritless, we affirm the judgement of the district court.

AFFIRMED.

---

DONALD DUBOULAY, Law Office of Donald DuBoulay, New York, New York, *for* Defendant-Appellant Mi Sun Cho.

RAHUL MUKHI, Assistant United States Attorney (Jennifer G. Rodgers, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

PER CURIAM:

Defendant-appellant Mi Sun Cho was convicted by a jury in the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*) of one count of conspiring to violate sex trafficking laws in violation of 18 U.S.C. §§ 2241 and 2422 and two substantive sex trafficking counts in violation of 18 U.S.C. §§ 2241 and 2. Cho raises several challenges to her conviction. First, she contends that there was

insufficient evidence to establish that she transported Mei Hua Jin, a prostitute, in interstate commerce in violation of 18 U.S.C. § 2421 or caused Jin to be so transported under 18 U.S.C. § 2(b). Second, Cho contends that the district court made erroneous evidentiary rulings that, taken together, violated her due process right to present a defense. Finally, Cho challenges her sentence, arguing that the district court committed procedural error by applying a four-level leadership enhancement under U.S.S.G. § 3B1.1(a) and that the resulting sentence was substantively unreasonable. Finding no error, we AFFIRM the judgment of the district court.

## BACKGROUND

Because Cho appeals from a judgment of conviction entered after a jury trial, the following facts are drawn from the trial evidence and described in the light most favorable to the government. United States v. Bahel, 662 F.3d 610, 617 (2d Cir. 2011).[1]

In October 2010, after losing money gambling at a casino, Mei Hua Jin telephoned Cho from Atlantic City to see whether Cho could find her employment as a prostitute. Cho was aware that Jin was calling from Atlantic City. Cho had extensive contacts in the sex-trafficking industry and worked to provide prostitutes to brothels, often determining prostitutes' placement based on their age and physical appearance. Cho and Jin had previously worked together at a Connecticut brothel and at a prostitution business that

---

[1] Cho has not challenged the sufficiency of the evidence to support her convictions on Counts One and Three of the Superseding Indictment. We therefore limit our background discussion to the factual and procedural history relevant to the issues Cho actually raises on appeal.

Cho operated in Manhattan.  After receiving Jin's phone call, Cho arranged to have one of her contacts inform Jin that a position at a Manhattan brothel was available.  This contact was a confidential informant ("CI") for law enforcement who had a lengthy relationship with Cho in the sex-trafficking industry.  On October 7, 2010, the CI spoke with Jin about traveling from Atlantic City to New York so that she could be placed at the Manhattan brothel designated by Cho.  On October 8, after speaking to Cho and the CI, Jin bought a bus ticket with her own money and traveled from Atlantic City to Manhattan.  She then took the subway to Flushing, where Cho and the CI awaited her arrival.  The three then began driving to the Manhattan brothel, though Cho was dropped off at home before Jin and the CI reached their destination.  The brothel rejected Jin because she was too old, and Jin then returned to Flushing.

On October 25, 2011, the Government filed a three-count Superseding Indictment.  As relevant to this appeal, Count Two charged Cho with transporting Jin from New Jersey to New York to work at a brothel, and willfully causing her to be so transported in violation of 18 U.S.C. §§ 2241 and 2.  On November 7, 2011, after a five-day trial, the jury convicted Cho of all three counts.  After the verdict, Cho renewed her motion under Rule 29 of the Federal Rules of Criminal Procedure for a judgment of acquittal on Counts Two and Three.  In the alternative, Cho requested a new trial on those counts pursuant to Rule 33.  The district court denied Cho's motion, finding that there was ample evidence to support the jury's verdict.  Applying a four-level leadership enhancement under U.S.S.G. § 3B1.1(a), the district court sentenced Cho to an aggregate term of 70 months'

4

imprisonment, to be followed by two years of supervised release, and a $300 special assessment.

**DISCUSSION**

I.    Sufficiency of the Evidence

Cho argues that the district court erred in denying her Rule 29 motion for judgment of acquittal on Count Two, because there was insufficient evidence to establish that she transported Jin in interstate commerce or caused her to be so transported.  We disagree.

"In challenging the sufficiency of the evidence, the defendant faces an uphill battle, and bears a very heavy burden . . . ."  United States v. Crowley, 318 F.3d 401, 407 (2d Cir. 2003) (citation omitted) (internal quotation marks omitted).  Although we review sufficiency challenges *de novo*, the evidence must be viewed in the light most favorable to the government, with all reasonable inferences drawn in its favor.  See United States v. Henry, 325 F.3d 93, 103 (2d Cir. 2003).  The question is "not whether this [C]ourt believes that the evidence at trial established guilt beyond a reasonable doubt," United States v. Brown, 937 F.2d 32, 35 (2d Cir. 1991), but rather, whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Perisco, 645 F.3d 85, 105 (2d Cir. 2011), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

Under 18 U.S.C. § 2421, it is a crime to "knowingly transport[] any individual in interstate or foreign commerce . . . with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense."

5

18 U.S.C. § 2421. "A defendant will be deemed to have transport[ed] an individual under Section 2421 where evidence shows that the defendant personally or through an agent performed the proscribed act of transporting." United States v. Holland, 381 F.3d 80, 86 (2d Cir. 2004) (alteration in original) (internal quotation marks omitted). As the district court properly instructed the jury, without objection from defense counsel:

> The prosecution does not need to prove that the defendant personally transported the individual across a state line. This element is satisfied if you find that the defendant prearranged the transportation of a person across a state line and that the defendant personally or through an agent arranged intrastate transportation as a continuation of the interstate travel.

J. App'x 97.

Similarly, and also without objection, the district court instructed the jury that Cho could be found guilty under 18 U.S.C. § 2(b) "even if she acted through someone who was entirely innocent of the crimes charged in the indictment, even if [she] acted through a government agent." See United States v. Ordner, 554 F.2d 24, 29 (2d Cir. 1977) ("It is . . . well recognized that the guilt or innocence of the intermediary under a § 2(b) charge is irrelevant").

Viewed in the light most favorable to the government, the evidence at trial established that Jin called Cho from Atlantic City, seeking a job as a prostitute. Cho put Jin in contact with the CI, who spoke with her about traveling to New York to engage in prostitution. Jin traveled from Atlantic City to New York, where Cho and the CI picked her up. Cho then had the CI drive Jin to Manhattan so that Jin could work in a brothel.

6

Cho does not dispute that one who arranges another's transportation across state lines for purposes of prostitution violates § 2421. She contends, however, that she did not "arrange" Jin's interstate travel because she did not pay for Jin's ticket or book her passage. We disagree. By agreeing, either directly or through the CI, to provide a prostitution job for Jin, and by coordinating and prearranging the date and time on which she would travel, Cho arranged for Jin to travel from New Jersey to New York to engage in prostitution. Moreover, by providing the CI to drive Jin on the last, intrastate leg of her interstate trip, Cho directly organized Jin's transportation in interstate commerce.[2] Like the Fifth Circuit, which reached the same result on indistinguishable facts, we conclude that this was sufficient evidence from which a rational jury could find the elements of the offense satisfied. See, e.g., United States v. Clemones, 577 F.2d 1247, 1253 (5th Cir. 1978) (holding that defendant transported prostitute under 18 U.S.C. § 2421, where defendant arranged via telephone for prostitute to cross state line, then drove prostitute to defendant's brothel upon her arrival in defendant's state). Accordingly, we decline to disturb the jury's verdict.

---

[2] This understanding of "transport[ed]" under 18 U.S.C. § 2421 is consistent with our understanding of similar terms in other federal statutes. See, e.g., McElroy v. United States, 455 U.S. 642, 654 (1982) (noting that trial judge properly instructed jury that transportation of a forged security within boundaries of a single state violates 18 U.S.C. § 2314 if jury found the movement to be a "continuation of the movement that began out of state"); Project Hope v. M/V IBN Sina, 250 F.3d 67, 75 (2d Cir. 2001) ("[T]he Carmack Amendment applies throughout the shipment, even as to a carrier that is only responsible for an intrastate leg of the shipment").

## II. Trial Rulings

Cho next argues that the district court violated her due process rights by prohibiting her from introducing evidence that the complainants voluntarily traveled to New York. Once again, we disagree.

A defendant has a fundamental due process right to present a defense. Washington v. Texas, 388 U.S. 14, 19 (1967). That right, of course, is not absolute, for a defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability." Washington v. Schriver, 255 F.3d 45, 56 (2d Cir. 2001) (internal quotation marks omitted). Thus, a defendant does not have an unfettered right to offer testimony that is inadmissible under the rules of evidence. See Taylor v. Illinois, 484 U.S. 400, 410 (1988); cf. Williams v. Lord, 996 F.2d 1481, 1483 (2d Cir. 1993) (noting that restrictions on the right to present a defense may not be "arbitrary or disproportionate to the purposes they are designed to serve") (internal quotation marks omitted).

A district court has "wide discretion to exclude proffered evidence that is collateral, rather than material, to the issues in the case." United States v. Scopo, 861 F.2d 339, 345 (2d Cir. 1988). Even erroneous evidentiary rulings rarely result in depriving a defendant of the fundamental constitutional right to present a meaningful defense. See Schriver, 255 F.3d at 56.

Here, we find no error in the district court's evidentiary rulings, much less that the district court's rulings denied Cho due process of law. Cho concedes, as she must, that the victim's consent is not a defense under the Mann Act. See Holland, 381 F.3d at 84-85

8

(2d Cir. 2004). Evidence of the victim's consent is therefore immaterial to the charges brought in this case. Accordingly, the district court properly sustained objections when the defendant sought to elicit testimony that Jin consented to interstate travel, and tried to comment on the issue of Jin's consent. The first objection occurred during Jin's cross-examination when defense counsel asked whether it was Jin's "desire to come to New York." J. App'x 51. The second objection occurred during summation where defense counsel again commented that "[t]he young lady apparently wanted to come to New York." J. App'x 60. In each instance, the question or comment to which an objection was sustained focused specifically on Jin's subjective willingness to travel, a matter that the district court reasonably construed as going to the irrelevant issue of her consent. By contrast, immediately prior to each excluded question or comment, defense counsel was permitted to pursue, without objection, lines of inquiry or argument that properly focused on whether Cho had arranged Jin's transportation. Counsel was thus able to introduce evidence, and to argue to the jury, in defense of her contention that Cho "did not arrange the transportation of this woman . . . . She didn't pay for [it]. She didn't facilitate it . . . ." J. App'x 59-60. Cho has pointed to no other ruling that limited her ability to pursue this argument or present evidence in its support. Because the district court did not err in excluding this proffered evidence, we reject Cho's claim that her due process rights were violated.

9

III.     Sentencing

Finally, Cho challenges her sentence, arguing that the district court committed procedural error by applying a four-level leadership enhancement under U.S.S.G. § 3b1.1(a) and that the resulting sentence was substantively unreasonable under the factors set forth in 18 U.S.C. § 3553(a).  We are not persuaded.

"We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard . . . ."  United States v. Hernandez, 604 F.3d 48, 52 (2d Cir. 2010).  This review "encompasses two components: procedural review and substantive review."  United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).  A district court commits procedural error when it fails to properly calculate the guideline range or rests its sentence on a clearly erroneous finding of fact.  Id. at 190.

We "review the sentencing court's interpretation of the Sentencing Guidelines *de novo*, but review its related findings of fact only for clear error."  United States v. Potes-Castillo, 638 F.3d 106, 108 (2d Cir. 2011).  Under the clear error standard, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."  Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74 (1985).  The district court must find the facts relevant to a sentencing enhancement by a preponderance of the evidence.  See United States v. Hertular, 562 F.3d 433, 447 (2d Cir. 2009).

The sentencing guidelines provide for a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or

10

was otherwise extensive." U.S.S.G. § 3B1.1(a). A defendant may be subject to a four-level enhancement even if the defendant managed only one other participant. United States v. Zichettello, 208 F.3d 72, 107 (2d Cir. 2000), citing U.S.S.G. § 3B1.1, cmt. n.2. Here, the district court cited evidence that "six or seven prostitutes were provided by the defendant to brothels." J. App'x 124. Cho, the district court found, "worked to provide prostitutes to brothels and decided where she would try to place them based on the prostitute's personal characteristics, such as how old they were, how beautiful they were." J. App'x 124. The district court also heard evidence that Cho used many taxi drivers who transported prostitutes to various brothels around the East Coast. Such evidence amply supports the district court's findings that Cho had a "leadership role in the conspiracy and that the conspiracy was extensive." J. App'x 125. Because these findings are not clearly erroneous, we cannot conclude that the district court abused its discretion in applying the four-level leadership enhancement.

Having determined that there was no procedural error, we must "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). The substantive unreasonableness standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). Substantive reasonableness review, therefore, is not an invitation for us to "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a)

11

considerations in any particular case." <u>Cavera</u>, 550 F.3d at 189.  We cannot conclude that the 70-month sentence imposed here was substantively unreasonable.  The district court conscientiously balanced the factors under § 3553(a), and the sentence, though stringent, is not "unsupportable as a matter of law," <u>Rigas</u>, 583 F.3d at 123.

## CONCLUSION

We have considered all of Cho's remaining arguments and find them to be without merit.  Accordingly, for the reasons discussed above, we AFFIRM the judgment of the district court.