12-3963
*United States of America v. Benito Del Rosario*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fourteen.

PRESENT: RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges*,
JED S. RAKOFF,*
*District Judge.*

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

-v.- No. 12-3963

BENITO DEL ROSARIO,

*Defendant-Appellant,*

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation

1

FOR APPELLANT:        John C. Meringolo, Meringolo & Associates, P.C.
                      New York, NY.

FOR APPELLEE:         Sarah E. McCallum, Justin S. Weddle, Assistant United
                      States Attorneys *for* Preet Bharara, United States
                      Attorney for Southern District of New York, New York,
                      NY.

Appeal from the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Defendant Benito Del Rosario appeals from the judgment entered in the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*), following a jury trial that convicted him of conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Del Rosario seeks reversal of his conviction, arguing that the evidence at trial was insufficient to warrant a conviction of conspiracy. Del Rosario also asserts that various errors were committed at trial, and were so prejudicial that he was denied a fair trial. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review, which we reference only as necessary to explain our decision.

Del Rosario's sufficiency argument turns largely on the credibility of cooperating witnesses.[1]  We must defer to the jury's resolution of the credibility of witness testimony and the weight of the evidence.  *See, e.g.*, *United States v. Robles*, 709 F.3d 98, 101 n.3 (2d Cir. 2013).  In addition to the deference we give the jury on issues of witness credibility, the testimony Del Rosario alleges to be inconsistent is, in fact, quite consistent, and where inconsistent, only inconsistent on minor points.  Accordingly, Del Rosario fails to carry the "very heavy burden" of successfully challenging the sufficiency of the evidence.  *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (*per curiam*).  The jury had ample evidence to find Del Rosario guilty of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.

As to Del Rosario's claim that the district court erred in failing to submit the prior felony information for the jury's consideration, under controlling Supreme Court precedent, the fact of a prior felony conviction may be decided by a judge, not a jury, even if that fact increases the statutory minimum term of imprisonment to which the defendant is exposed.  *Almendarez-Torres v. United*

---

[1] We review sufficiency challenges *de novo,* but a defendant faces an uphill battle and bears a very heavy burden because the evidence must be viewed in the light most favorable to the government, with all reasonable inferences drawn in its favor.  *See, e.g.*, *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (*per curiam*).

*States*, 523 U.S. 224, 247 (1998); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n.1 (2013) (concluding that a fact that increases a mandatory minimum sentence, such as brandishing of a firearm, must be found by a jury, but declining to revisit the holding in *Almendarez-Torres*). Accordingly, there is no demonstration of error.

Del Rosario also asserts several errors related to the proceedings below, but because he raises them for the first time on appeal, they are reviewed only for plain error. *See United States v. Marcus*, 560 U.S. 258, 262 (2010). Del Rosario must demonstrate plain error that is "clear or obvious," rather than "subject to reasonable dispute," that affects the defendant's "substantial rights," and that seriously affects the fairness, integrity, or reputation of judicial proceedings. *Id*. Del Rosario has not demonstrated any plain error.

We have considered all of Del Rosario's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4