11-3825-cr (L)
United States v. Banol-Ramos et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> DENNY CHIN,
> > *Circuit Judge*,
> MIRIAM GOLDMAN CEDARBAUM,[*]
> > *District Judge.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                          Nos. 11-3825-cr (L)
>                                                    11-5256-cr (C)

YARLEI BANOL-RAMOS, AKA DIANA, JORGE ABEL
IBARGUEN-PALACIO, AKA TURBO,

> *Defendants-Appellants,*

---

[*] The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

ALEXIS FREDDY MOSQUERA-RENTERIA, AKA
RONAL, AKA CARR RONALD,

     *Defendant*.

_____

| | |
|---|---|
| For Appellee: | Jeffrey A. Brown, Rebecca Monck Ricigliano, Michael A. Levy, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY |
| For Defendant-Appellant Yarlei Banol-Ramos: | Ryan Thomas Truskoski, Harwinton, CT |
| For Defendant-Appellant Jorge Abel Ibarguen-Palacio: | Edward S. Zas, David A. Lewis, Barry D. Leiwant, Federal Defenders of New York, Inc., New York, NY |

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the amended judgment as to Defendant-Appellant Jorge Abel Ibarguen-Palacio is **AFFIRMED**.

This case returns to us after a remand pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994). Defendants-Appellants Yarlei Banol-Ramos and Jorge Abel Ibarguen-Palacio appealed from judgments of conviction entered on September 20, 2011 and December 14, 2011, respectively, by the United States District Court for the Southern District of New York (Pauley, *J.*), after each defendant pled guilty to conspiring to provide material support to a designated terrorist organization in violation of 18 U.S.C. § 2339B. The district court sentenced Banol-Ramos principally to 180 months' imprisonment, and Ibarguen-Palacio principally to 130 months' imprisonment. On appeal, the defendants, both admitted members of the Colombian designated terrorist organization Fuerzas Armadas

Revolucionarias de Colombia ("FARC"), challenged their sentences as unreasonable. In a prior decision, we rejected Banol-Ramos's arguments, but remanded Ibarguen-Palacio's case for further proceedings related to the application of the terrorism enhancement under § 3A1.4 of the advisory sentencing Guidelines. *See United States v. Banol-Ramos*, 516 F. App'x 43 (2d Cir. 2013).

On remand, the district court again imposed the terrorism enhancement and explained its reasons for doing so. In reaching this decision, the district court refused to consider a new declaration from Ibarguen-Palacio, reasoning that to do so would violate the branch of the "law of the case" doctrine known as the "mandate rule." *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). The district court also entered an amended judgment to correct a scrivener's error. Having reinstated his prior appeal, Ibarguen-Palacio now argues that the district court erred in applying the terrorism enhancement and in refusing to consider his declaration. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues presented for review.

We review a district court's sentence for procedural and substantive reasonableness, a standard "akin to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 210 (2d Cir. 2008) (en banc) (quoting *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006)). Among district courts' procedural obligations is to calculate and consider the applicable sentencing range under the advisory sentencing Guidelines. *Id.* at 190. We review a district court's legal conclusions in connection with the Guidelines calculation *de novo* and its related factual findings for clear error. *See United States v. Mi Sun Cho*, 713 F.3d 716, 722 (2d Cir. 2013) (per curiam). The government bears the burden of proving the facts necessary to support the imposition of a sentencing enhancement under the Guidelines by a preponderance of the

3

evidence. *See United States v. Archer*, 671 F.3d 149, 161 (2d Cir. 2011). We review a district court's discretionary application of the law of the case doctrine for abuse of discretion. *See United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000).

As we explained in our prior decision in this case, the terrorism sentencing enhancement under § 3A1.4 applies where "the offense is a felony that involved, or was intended to promote, a federal crime of terrorism." U.S.S.G. § 3A1.4(a). The commentary to this Guideline provides that "federal crime of terrorism" is defined by reference to 18 U.S.C. § 2332b(g)(5), *see id.* cmt. 1, which in turn provides that that term "means an offense that-- (A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and (B) is a violation of [a list of predicate offenses, including providing material support in violation of § 2339B]." We have previously held that a defendant's offense involves a federal crime of terrorism where the government shows that the defendant "had the 'specific intent' to commit an offense that was 'calculated to influence or affect'" government conduct. *United States v. Awan*, 607 F.3d 306, 317 (2d Cir. 2010) (quoting *United States v. Stewart*, 590 F.3d 93, 138 (2d Cir. 2009), and 18 U.S.C. § 2332b(g)(5)(A)).

In his reinstated appeal, Ibarguen-Palacio argues as an initial matter that the district court erred in refusing to consider his new declaration. In that declaration, which was not submitted to the district court at the original sentencing, Ibarguen-Palacio states that he never intended to influence government conduct, does not support the political goals of the FARC, helped the FARC only through farming and fishing, and did so only out of fear. The declaration further states, contrary to the Presentence Report and the finding of the district court at the initial sentencing, that although Ibarguen-Palacio was present during a shootout with Panamanian

4

police in Panamanian waters, he dove into the water as soon as the shooting began, and never held a gun or otherwise participated in the attack.

It is well-established under the "mandate rule" that when a case is remanded from an appellate court to a trial court for further proceedings, the trial court must "follow [the] appellate court's previous ruling on an issue in the same case." *Quintieri*, 306 F.3d at 1225. Thus, "[i]f the remand specifies the nature of the correction to be made, the scope of the issues on remand is thereby limited." *United States v. Barresi*, 361 F.3d 666, 672 (2d Cir. 2004). In limited circumstances, a trial court in its discretion may depart from this general rule, but only for "'cogent' or 'compelling' reasons." *United States v. Johnson*, 378 F.3d 230, 243 & n.16 (2d Cir. 2004) (quoting *Quintieri*, 306 F.3d at 1230). Such reasons can include "the availability of new evidence" that was not and in fairness could not have been presented earlier. *Quintieri*, 306 F.3d at 1230.

Here, in our prior ruling, we found "no error in the district court's conclusion that Ibarguen-Palacio held a gun during the incident." *Banol-Ramos*, 516 F. App'x at 49 n.1. Furthermore, we limited the issues on remand by directing the district court to "determine whether Ibarguen-Palacio . . . possessed the specific intent to affect government conduct by intimidation or coercion" and to "set forth the factual basis for its conclusion." *Id.* at 50. Given this limited remand, the district court properly determined that, absent cogent and compelling reasons, the mandate rule would preclude reconsideration of the nature of Ibarguen-Palacio's participation in the shootout based upon the new declaration. And the district court did not abuse its discretion in determining that the declaration was not newly available in any relevant sense. Indeed, the declaration merely sets forth Ibarguen-Palacio's own account of the relevant facts, and he offers no explanation as to why he could not have submitted this evidence at his original sentencing.

5

In the alternative, Ibarguen-Palacio argues that, even if the district court properly refused to consider the declaration, the district court clearly erred in finding that he conspired to provide material support to FARC with the specific intent to influence government conduct by intimidation or coercion. But the district court made this factual finding based upon a number of different aspects of Ibarguen-Palacio's offense conduct, including his membership in FARC, his awareness of FARC's goal of overthrowing the Colombian government, his work providing FARC with food and other services, his participation in a mission transporting military equipment for FARC, and his participation in the shootout and hostage-taking of Panamanian police. Based upon his offense conduct as a whole, the district court reasonably inferred that Ibarguen-Palacio acted with the requisite specific intent. Even if the district court could have accepted Ibarguen-Palacio's view of the facts, it did not clearly err in rejecting that view. *See United States v. Salim*, 549 F.3d 67, 74 (2d Cir. 2008) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)).

We have considered all of Ibarguen-Palacio's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the amended judgment is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6