14-1191-cr
United States v. Azeez-Taiwo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 13th day of March, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                     *Appellee*,

            v.                                    14-1191-cr

RANTI AZEEZ-TAIWO,

                     *Defendant-Appellant*.
_____

Appearing for Appellant:     Colleen P. Cassidy, Appeals Bureau, Federal Defenders of New York, Inc., New York, N.Y.

Appearing for Appellee:     Joseph B. Syverson, Tax Division, Department of Justice, Washington, D.C. (Tamara W. Ashford, Acting Assistant Attorney General, Frank P. Cihlar, Chief, Criminal Appeals & Tax Enforcement Policy Section, Gregory V. Davis, Tax Division, Department of Justice, Washington, D.C.; Loretta E. Lynch, U.S. Attorney, Eastern District of New York, Brooklyn, N.Y., *on the brief*).

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **REVERSED** in part, the sentence is **VACATED**, and the case **REMANDED** for resentencing.

Defendant-appellant Ranti Azeez-Taiwo appeals from the March 28, 2014 judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*), convicting him, after jury trial, of 16 counts of willfully aiding and assisting in the preparation of false income tax returns, in violation of 26 U.S.C. § 7206(2). Azeez-Taiwo contends that the evidence was insufficient to support his conviction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review challenges to the sufficiency of the evidence de novo. *United States v. Newman*, 773 F.3d 438, 451 (2d Cir. 2014). The defendant "faces an uphill battle, and bears a very heavy burden," *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013), as our standard of review is "exceedingly deferential," *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012). This burden, however, is "not an impossible one." *United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004). Viewing the evidence in the light most favorable to the government, crediting every inference in favor of the government, and deferring to the jury's assessment of witness credibility and the weight of the evidence, we will affirm the judgment of conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Coplan*, 703 F.3d at 62 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis omitted).

Azeez-Taiwo argues that the government's proof at trial was insufficient to establish that he intended to violate the tax law. The evidence, he contends, merely disclosed that he relied on information conveyed by his taxpayer clients and made errors in the preparation of their returns.

We agree that the evidence was insufficient to convict Azeez-Taiwo under Count 17 of the indictment. Isaac Popoola, whose 2008 tax return formed the basis of Count 17, testified that he described his work-related expenses to Azeez-Taiwo but did not furnish a specific figure. However, during his testimony Popoola declined to acknowledge that the amount of unreimbursed employee expenses claimed on his return was inaccurate. Indeed, no facts were presented to the jury from which it could have reasonably inferred that the figure on Popoola's tax return was inaccurate let alone that Azeez-Taiwo intentionally falsified or inflated it. *See Jones*, 393 F.3d at 111 ("While we defer to a jury's assessments with respect to credibility, conflicting testimony, and the jury's choice of the competing inferences that can be drawn from the evidence, specious inferences are not indulged." (internal quotation marks and citations omitted)). Accordingly, we find that the government failed to establish beyond a reasonable doubt that Azeez-Taiwo willfully aided and assisted in the preparation of a false income tax return with respect to Count 17.

However, we conclude that, on the remaining counts, Azeez-Taiwo has failed to demonstrate that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Coplan*, 703 F.3d at 62 (internal quotation marks omitted). The government called to testify six of Azeez-Taiwo's other clients, including an undercover IRS agent who posed as a client during an undercover investigation of Azeez-Taiwo's tax preparation

2

service. Their testimony belies Azeez-Taiwo's claim that he relied on information provided by his clients. Three of the client-witnesses, including the agent, testified that they did not provide Azeez-Taiwo any information about the false expenditures claimed in their returns. Three other client-witnesses testified that they discussed work expenses and charitable giving with Azeez-Taiwo but did not provide an estimate for, or documentation to support, the false deductions included in their returns. In addition, that Azeez-Taiwo "was more than simply careless is indicated by both the frequency and similarity of his misstatements." *United States v. Conlin*, 551 F.2d 534, 536 (2d Cir. 1977). The evidence presented by the government established a pattern of fabricated and exaggerated deductions for unreimbursed employee expenses and charitable contributions that resulted in inflated refunds.

We have considered the remainder of Azeez-Taiwo's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is REVERSED as to Count 17 and AFFIRMED as to the remaining counts, the sentence is VACATED, and the case is REMANDED to the district court for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk