15-393-cr
United States v. Spence

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand sixteen.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                       No. 15-393-cr

EDRICK SPENCE,
*Defendant-Appellant*,

LEANDRA WILLIS,
*Defendant*.[*]

------------------------------------------------------------------

FOR APPELLANT:                    Anthony L. Ricco, Esq., New York, New York (Christine Delince, Esq., New York, New York, *on the brief*).

FOR APPELLEE:                     David C. James, Assistant United States Attorney (Catherine M. Mirabile, Assistant

---

[*] The Clerk of Court is directed to amend the case caption as set forth above.

1

United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 5, 2015 is AFFIRMED.

Defendant Edrick Spence was convicted after a guilty plea of substantive, attempted, and conspiratorial importation and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), 952(a), 960(b)(2)(B)(ii), and 963. Spence here argues procedural error to challenge the reasonableness of his within-Guidelines mandatory minimum prison sentence of five years. Spence faults the district court's application of an aggravating-role adjustment to his Guidelines calculation, *see* U.S.S.G. § 3B1.1, which, in turn, rendered him ineligible both for a below-mandatory-minimum sentence pursuant to the "safety valve" afforded by 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, and for a two-level decrease in his offense level pursuant to U.S.S.G. § 2D1.1(b)(17). We review the district court's decision to impose a § 3B1.1 enhancement *de novo* and its factual findings for clear error. *See United States v. Mi Sun Cho*, 713 F.3d 716, 722 (2d Cir. 2013). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Spence challenges the two-level aggravating-role enhancement imposed for his serving as a "manager or supervisor" of the charged cocaine-distribution conspiracy. *See* U.S.S.G. § 3B1.1(c) (providing for two-level enhancement if defendant was "organizer, leader, manager, or supervisor in any criminal activity" that (1) does not involve "five or more participants" and (2) is not "otherwise extensive"). To apply this enhancement, a district court must make a preponderance finding that the defendant "exercise[d] some degree of control over others involved in the commission of the offense . . . or play[ed] a significant role in the decision to recruit or to supervise lower-level participants." *United States v. Burgos*, 324 F.3d 88, 92 (2d Cir. 2003) (alterations in original) (internal quotation marks omitted).

We here identify no error either of law or of fact. Based on its review of the Presentence Investigation Report ("PSR") and the parties' objections thereto, the district court found that Spence (1) was a knowing and willing participant in the charged cocaine conspiracy who, after engaging in a narcotics transaction with Mark Allen in the United States in 2010, then returned with Allen from Jamaica to the United States where they engaged in the 2013 trafficking here at issue; (2) intended to claim for himself a larger share of the criminal proceeds than the drug couriers; and (3) instructed the couriers on where and how to transport the cocaine, booked the couriers' travel arrangements, drove one of them to the airport, funded approximately $3,000 of their travel costs, and "fronted" one of them $300 in cash. The latter activities respecting the couriers supported the enhancement. *See United States v. Farah*, 991 F.2d 1065, 1066–67 (2d Cir. 1993) (deeming enhancement warranted where participant "met foreign couriers at

3

United States airports, received . . . heroin, and delivered it"); *see also United States v. Burgos*, 324 F.3d at 92 (stating that for participant to be subject to aggravating-role adjustment, "[i]t is enough to manage or supervise a single other participant").

Spence nevertheless urges that he acted merely as a "go-between," Appellant's Br. 13, to the couriers and Allen, the alleged leader of the conspiracy. Even if Spence played a lesser role than Allen, however, that does not mean his conduct did not warrant the challenged enhancement. The Guidelines contemplate that more than one participant in a criminal scheme can play an enhanced role. *See* U.S.S.G. § 3B1.1(a)–(b) (providing different enhancements for a "manager" and a "leader"). Our precedent also recognizes that "more than one person at more than one level of a conspiracy may act as a supervisor" for purposes of the aggravating-role adjustment. *United States v. Garcia*, 413 F.3d 201, 224 (2d Cir. 2005); *see United States v. Si Lu Tian*, 339 F.3d 143, 157 (2d Cir. 2003) (stating that "one conspirator's leadership role is not dispositive on" question of whether co-conspirator held leadership role (internal quotation mark omitted)); *United States v. Greer*, 285 F.3d 158, 181–82 (2d Cir. 2000) (deeming enhancement warranted where defendants were "simply middlemen" and "the real leaders or organizers . . . reside[d] in Holland and Canada"). Accordingly, based on the record, the district court correctly concluded that Spence was a "manager or supervisor" in the charged cocaine conspiracy.

This conclusion, in turn, automatically disqualified him from safety-valve eligibility under 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4), *see United States v. Jimenez*, 451 F.3d 97, 103 (2d Cir. 2006), without which he could not be sentenced below

4

the mandatory minimum five-year prison term.  Spence thus fails to show that his five-year mandated sentence was unreasonable based on procedural error.

We have considered Spence's remaining arguments and conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court