18-2580-cr
*United States v. Jadon Douglas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand twenty.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
            STEVEN J. MENASHI,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


UNITED STATES OF AMERICA,
                    *Appellee,*


            -v-                                    18-2580-cr


ROBERT CURRY, AKA POOH,
                    *Defendant,*

JADON DOUGLAS, AKA LEV,
                    *Defendant-Appellant.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR APPELLEE:                        Andrew D. Beaty, Assistant United States
                                     Attorney, *for* Grant C. Jaquith, United States

Attorney for the Northern District of New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:    Mark J. Sacco, Law Office of Mark J. Sacco, Latham, New York.

Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Jadon Douglas appeals from a judgment entered August 24, 2018, after a guilty plea, convicting him of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C), and possession of a firearm following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On August 15, 2018, the district court sentenced Douglas principally to 70 months' imprisonment, to be followed by three years of supervised release.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Douglas was indicted on October 12, 2016.  He did not object below to the sufficiency of the indictment.

On December 7, 2017, Douglas pleaded guilty to the two counts of the indictment.  During the plea hearing, the government summarized the offense conduct and Douglas's two prior felony convictions and criminal sentences of seven years' and

2

five and a half years' imprisonment, respectively. The district court asked Douglas if the government properly described "what you did," and Douglas responded "[y]es." App'x at 62.

On August 15, 2018, the district court sentenced Douglas. In imposing the sentence, the district court calculated the Guidelines range consistent with the presentence report ("PSR"), finding an offense level of 21, a criminal history category of V, and a Sentencing Guidelines range of 70 to 87 months' imprisonment. The offense level of 21 included a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B), which Douglas opposed in his sentencing submission and at sentencing. Judgment entered August 24, 2018. This appeal followed.

## *DISCUSSION*

On appeal, Douglas challenges the sufficiency of his indictment and plea allocution in light of the Supreme Court's recent decision in *Rehaif v. United States*, which held that in prosecutions under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove not only that the defendant knew he possessed a firearm, but also that he "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). Douglas also argues that the district court committed a procedural sentencing error in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

3

We begin with Douglas's *Rehaif* challenges, which he raises for the first time on appeal. Douglas argues that the indictment failed to include the knowledge element under *Rehaif* and that his plea allocution did not adequately support the knowledge element. Consequently, Douglas argues that his conviction under §§ 922(g)(1) and 924(a)(2) must be vacated and dismissed. This Court's post-*Rehaif* decisions foreclose Douglas's challenges.

Although not expressly stated in his appellate brief, Douglas's first *Rehaif* challenge essentially asserts that because the *Rehaif* knowledge element was not "present" in his indictment, "a crime has not been charged" and therefore the count "must be dismissed." Appellant's Br. at 5. We construe this broad assertion that no crime was charged as a challenge to the district court's jurisdiction over Douglas's prosecution. We squarely rejected this jurisdictional challenge in *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019), in which we held that an indictment's failure to allege the defendant's knowledge of his prohibited status was not a jurisdictional defect because the indictment closely tracked the statutory language and stated specific allegations as to the time, place, and nature of the charged crime. *Id*. at 89-92. The indictment here, which tracks the language of § 922(g)(1), plainly meets this standard.

Next, Douglas's challenge to the sufficiency of his plea allocution similarly fails. Douglas contends that he "did not admit to the necessary elements to convict him of a crime," Appellant's Br. 5, which this Court will construe as a challenge to the

4

district court's compliance with Federal Rule of Criminal Procedure 11(b)(3). Because Douglas did not challenge this aspect of his plea in the district court, we review the district court's actions for plain error. *Balde*, 943 F.3d at 95. Plain error has four elements: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 96. In "the context of plea proceedings, a defendant must establish that . . . there is a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (internal quotation marks omitted).

Douglas has not identified any reason to believe that he would not have pleaded guilty had he been told that the government would need to prove that he knew he was a felon when he possessed the firearms. Accordingly, here, as consistent with this Court's decision in *United States v. Miller*, 954 F.3d 551 (2d Cir. 2020), we conclude that Douglas cannot satisfy the fourth prong of plain error review -- that failing to correct the error would "seriously affect the fairness, integrity, or public reputation of judicial proceedings" -- because "reliable evidence in the record on appeal . . . remove[d] any doubt that [the defendant] was aware of his membership in § 922(g)(1)'s class." *Id*. at 559-60. The PSR described Douglas's criminal history, including a 2009 New York State felony conviction for criminal possession of a weapon in the second degree, for which he was sentenced principally to 66 months' imprisonment, and a 2009 New York

5

State felony conviction for assault in the second degree, for which he was sentenced principally to seven years' imprisonment. Indeed, after the government summarized the offense conduct and Douglas's prior criminal history and sentences, Douglas confirmed the accuracy of the government's recitation. *See* App'x at 62. Here, because the government had substantial proof of Douglas's awareness that he was a convicted felon, we see no reasonable probability that Douglas would not have entered the plea had the district court explained the knowledge element of the offense. Thus, Douglas cannot demonstrate plain error. *See, e.g., United States v. Cosme*, No. 19-1731-CR, 2020 WL 3583433, at *3 (2d Cir. July 2, 2020) (summary order) (rejecting *Rehaif* Rule 11 challenge where defendant was convicted of three prior felonies and admitted to being a felon).

Finally, Douglas's sentencing challenge is also unavailing. Douglas argues that the district court committed procedural error in applying U.S.S.G. § 2K2.1(b)(6)(B) because "the sale of narcotics and the sale of a weapon were two separate and distinct events that were unrelated and unanticipated." Appellant's Br. at 3. Section 2K2.1(b)(6)(B) mandates a four-point increase to the otherwise applicable base offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." This Court reviews "the district court's interpretation of

6

the Sentencing Guidelines *de novo* . . . and reviews the district court's findings of fact for clear error." *United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir. 2005) (citations omitted). Here, the district court did not commit clear error in adopting the factual findings in the PSR describing the sale of a firearm and cocaine in a single transaction and rejecting Douglas's argument to the contrary. Given the factual dispute, "the district court's account of the evidence is plausible in light of the record viewed in its entirety" and this Court may not reverse it even if, on first instance, this Court may have weighed the evidence differently. *United States v. Mi Sun Cho*, 713 F.3d 716, 722 (2d Cir. 2013). Accordingly, the district court did not commit procedural error in applying U.S.S.G. § 2K2.1(b)(6)(B).

*   *   *

We have considered Douglas's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7