24-2399-cr
*United States v. Deloatch*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand twenty-five.

Present:

> DENNY CHIN,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                                          24-2399-cr

MARCUS DELOATCH, a/k/a Biggs,

*Defendant-Appellant.*\*

---

| | |
|---|---|
| For Appellee: | BENJAMIN WEINTRAUB (Nicholas J. Moscow, Anna Karamigios, *on the brief*), Assistant United States Attorneys, *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| For Defendant-Appellant: | EDWARD S. ZAS, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY. |

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Marcus Deloatch appeals from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *District Judge*) entered on September 9, 2024, sentencing him to two concurrent terms of 41 months of imprisonment, to be followed by two years of supervised release. Deloatch pled guilty to one count of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, both in violation of 18 U.S.C. § 1951(a).

On September 24, 2019, Deloatch and at least three co-conspirators robbed a retail store in Brooklyn, New York in the early hours of the morning. After the assailants broke into the store by shattering its glass front door with bolt cutters, an employee sleeping in the back of the store woke up and walked to the front to investigate. One of Deloatch's co-conspirators then forced the employee to the back of the store and ordered him to lie face down. A co-conspirator then told the employee he would shoot him in the head if he did not cooperate. Deloatch was later apprehended and charged for his role in the robbery. Deloatch now appeals, challenging his sentence on the grounds that (i) the district court improperly imposed a "threat-of-death" enhancement under Section 2B3.1(b)(2)(F) of the Sentencing Guidelines; and (ii) the court failed to make sufficiently individualized findings on the record to properly impose a search condition that included electronic devices. We assume the parties' familiarity with the case.

## I.      Threat-of-Death Enhancement

Like other findings of fact, we review a district court's finding on the question of reasonable foreseeability at sentencing for clear error. *United States v. Molina*, 106 F.3d 1118, 1121 (2d Cir. 1997).[1]  If the district court's account of the evidence is "plausible in light of the record viewed in its entirety," we cannot disturb the court's findings even if we would have weighed the evidence differently as the trier of fact. *United States v. Mi Sun Cho*, 713 F.3d 716, 722 (2d Cir. 2013).  Indeed, "[t]here is no clear error unless this Court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gahagen*, 44 F.4th 99, 110 (2d Cir. 2022).

Section 2B3.1(b)(2)(F) of the United States Sentencing Guidelines imposes a 2-level enhancement when a threat of death is made during a robbery.  U.S.S.G. § 2B3.1(b)(2)(F).  A co-conspirator's threats can be attributed to a defendant if the threat was "(i) [made] within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." *Id.* at § 1B1.3(a)(1)(B).

Deloatch argues that the district court erred in concluding that threats of death were reasonably foreseeable.  Specifically, he contends that the district court's finding that it was reasonably foreseeable that the robbery "could likely involve dealing with human beings" was insufficient to support a finding that death threats were similarly foreseeable.  Appellant's Br. at 22.  To the contrary, Deloatch argues, the record does not establish that threats of death were reasonably foreseeable because the robbery took place in the middle of the night, none of the robbers had weapons, and there is no proof that Deloatch and his co-conspirators discussed making

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

death threats.

We disagree. As the district court explained, Deloatch and his co-conspirators clearly anticipated they would encounter people during the robbery; indeed, they donned construction worker outfits and set up construction cones outside the store, in an apparent effort to ward off bystanders. The district court also acknowledged reviewing the presentence investigation report, which established that Deloatch committed the robbery with at least three other co-conspirators, the target of the robbery was a retail store, the assailants violently smashed the store's glass door with large bolt cutters, and there was evidence that Deloatch was associated with members of a violent gang. Given the likelihood that the conspirators would encounter third parties as part of their robbery, and their plan to violently break into the store on a Brooklyn street that had pedestrian traffic even late into the night, we cannot say that we are left with the "definite and firm conviction" that the district court clearly erred in finding that threats of death were reasonably foreseeable.

## II. Search Condition

Deloatch next argues that the district court failed to make sufficiently individualized findings on the record to support the imposition of a search condition that included, among other things, electronic devices. We review objections to conditions of supervised release that were not raised before the district court for plain error. *United States v. Thompson*, 143 F.4th 169, 176 (2d Cir. 2025).

We discern no error, plain or otherwise. This Court recently held that a sentencing court need not "articulate separate reasons for imposing every single special condition where it has already explained the overall reasons for its sentencing decision." *Id.* at 178. Instead, a sentencing court satisfies its obligation to explain a special condition when it expressly accounts for the nature

4

and circumstances of the defendant's offense, as well as the defendant's history and characteristics when imposing the condition. *Id.* at 178–79. Even if the sentencing court does not provide an adequate explanation, we can still uphold a special condition if its basis is self-evident in the record. *Id.* at 177. Here, the district court stated that Deloatch's offense was a "violent crime, serious crime . . . a crime that requires punishment to be imposed," that Deloatch had "criminal justice issues in his past . . . that ha[d] to be factored in," and that Deloatch needed "rehabilitative services" of "mental health, substance abuse, and the like." App'x at 163–66. The district court subsequently imposed the sentence, including the conditions of supervised release. The district court's explanation for the sentence satisfied its obligation to "conduct an individualized assessment" for the special conditions and to "state on the record the reason for imposing" them. *United States v. Sims*, 92 F.4th 115, 126 (2d Cir. 2024); *see Thompson*, 143 F.4th at 178–79 (holding that the district court's reference to the nature and circumstances of the offense and the history and characteristics of the defendant adequately conveyed, in context, its basis for imposing the conditions of supervised release).

To the extent Deloatch challenges the inclusion of electronic devices in his search condition, we reject his claim. As we have explained, it is unnecessary for a district court to

> limit a search condition to the contours of a defendant's prior misconduct—and parse through whether those violations entailed the discovery of particular evidence in, say, his home versus his phone versus his car or other property— . . . given that the search condition as written already requires reasonable suspicion that evidence of a current violation will be found in one of those areas.

*Thompson*, 143 F.4th at 181. And even if the district court's explanation had been lacking (which it is not), the reasons justifying the inclusion of the electronic devices portion of the search condition were self-evident in the record due to Deloatch's nearly dozen pre-trial violations, which included absconding from prosecution. These violations cast doubt on Deloatch's "ability to deal

in good faith with law enforcement while on supervised release," and made the electronic devices component of the search condition "necessary for ensuring the effectiveness of supervision." *United States v. Robinson*, 134 F.4th 104, 112 (2d Cir. 2025).[2]

\*   \*   \*

We have considered Deloatch's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[2] The district court also did not fail to consider liberty interests in imposing the search condition, as Deloatch contends, because the condition required reasonable suspicion to execute a search, and conditions of this nature do not implicate a fundamental liberty interest that requires narrow tailoring. *Thompson*, 143 F.4th at 180.