15-984-cr
United States v. Espinoza

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of May, two thousand sixteen.

Present:    ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                          15-984-cr

MARIANO AMARRO, AKA BIG CHRIS, RAUL EDUARDO
RIVERA DE LA TORRE, DEAN GRAY, AKA CLEVELAND
VALENTINE, AKA JONUS, AKA JO, HUMBERTO GUZMAN,
DEVON SINCLAIR, AKA NOEL SIMMS, AKA FAT CLIVE,
AKA CLIVE, MARTIN YOUNG,

                    *Defendants*,

MANUEL MONTES ESPINOZA, AKA NERO,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:    Gary Muldoon, Muldoon, Getz & Reston, Rochester, NY.

Appearing for Appellee:     Joseph J. Karaszewski, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Geraci, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Manuel Espinoza appeals from the judgment of conviction dated March 26, 2015, filed March 27, 2015, and entered against him in the United States District Court for the Western District of New York (Geraci, *C.J.*). Espinoza pleaded guilty to one count of conspiring to possess with the intent to distribute and to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. The district court sentenced Espinoza principally to 97 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Espinoza argues that the district court improperly applied a three-level sentencing enhancement for his role as a "manager or supervisor" in the conspiracy. *See* U.S. Sentencing Guidelines Manual § 3B1.1(b). Although Espinoza labels this as a challenge to the "substantive" reasonableness of his sentence, it is in fact a procedural challenge. *See United States v. Mi Sun Cho*, 713 F.3d 716, 722-23 (2d Cir. 2013). "In general, we review a district court's determination that a defendant deserves a leadership enhancement under § 3B1.1 *de novo,* but we review the court's findings of fact supporting its conclusion only for clear error." *United States v. Hertular*, 562 F.3d 433, 449 (2d Cir. 2009).

Section 3B1.1 of the guidelines directs the district court to increase the offense level by three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual § 3B1.1(b). There is no dispute that the criminal activity here involved five or more participants; the only question is whether Espinoza was a "manager or supervisor." *Id.* The guidelines provide that the district court should look to the following factors in considering that question:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Id.* § 3B1.1 cmt. n.4.

Here, the district court did not err in concluding that Espinoza was a "manager or supervisor" within the meaning of Section 3B1.1. The district court judge, who presided over the trial of one of Espinoza's codefendants, found that Espinoza was "the main supplier of the marijuana in Arizona," that he "rented houses in order to allow the packaging of the marijuana,"

that he "direct[ed] the shipment of marijuana to Rochester, Philadelphia, Cleveland, and Port Chester," that he was "the main source of marijuana for at least three of the co-conspirators," that several hundred pounds of marijuana were distributed from Arizona "through Mr. Espinoza," that a co-conspirator testified that he traveled to Espinoza's house to negotiate shipments of marijuana from Arizona to Rochester, and that a search of Espinoza's house revealed 80 pounds of marijuana, with an additional 300 pounds of marijuana to be delivered shortly. App'x at 22-24. These facts amply support the district court's conclusion that Espinoza was a "manager or supervisor" within the meaning of Section 3B1.1.

Espinoza also argues that his sentence was substantively unreasonable because it was "not the least severe punishment to serve the purposes of sentencing." Appellant's Corrected Br. at 18. A sentence is substantively unreasonable if the sentence "'shock[s] the conscience,' constitutes a 'manifest injustice,' or is otherwise substantively unreasonable." *United States v. Aldeen,* 792 F.3d 247, 255 (2d Cir. 2015) (alteration in original) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "Our review for substantive unreasonableness is 'particularly deferential.'" *Id.* (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)). "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Id.* (citations and internal quotation marks omitted).

Espinoza's 97-month sentence, which is at the bottom of the guidelines range of 97-121 months, is substantively reasonable. "While we do not presume that a Guidelines sentence is necessarily substantively reasonable, that conclusion is warranted in the overwhelming majority of cases . . . ." *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (citations and internal quotation marks omitted). Espinoza pleaded guilty to conspiring to distribute 100 kilograms of marijuana. The presentence report found that he was responsible for at least 943 kilograms of marijuana, that he rented a house for the purpose of packaging marijuana, and that he played a managerial or supervisory role in the conspiracy. Under the circumstances, the sentence does not fall outside the range of permissible decisions.

We have considered the remainder of Espinoza's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3