19-1406
*United States v. Taubert*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.             19-1406

STEPHEN TAUBERT,

   *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Rajit S. Dosanjh and Michael F. Perry, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY |
| For Defendant-Appellant: | Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Stephen Taubert appeals from a judgment and sentence entered on May 1, 2019. Taubert was convicted at trial of influencing, impeding, or retaliating against a federal official, in violation of 18 U.S.C. § 115; transmitting a threat in interstate commerce, in violation of 18 U.S.C. § 875; and threatening a former President, in violation of 18 U.S.C. § 879. The jury also found that Taubert selected his victims on the basis of race. Accordingly, the district court applied the hate crime motivation enhancement, U.S.S.G. § 3A1.1(a), and principally sentenced Taubert to 46 months' imprisonment. Taubert contends that the district court erred in excluding evidence of a political dispute between President Donald Trump and Congresswoman Maxine Waters that he claims motivated his actions. He also argues that his sentence was unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I.      Exclusion of Evidence

Approximately one month before Taubert called Congresswoman Waters's office, Congresswoman Waters criticized the Trump administration in public statements. In response, President Trump criticized Congresswoman Waters in a tweet. At trial, Taubert sought to introduce evidence of this political feud while cross-examining a caseworker who worked for Congresswoman Waters and answered Taubert's threatening phone call. The district court precluded Taubert from doing so, concluding that the "political discourse" was irrelevant, but allowing cross-examination as to "the increase in calls, and whether there were threats or not"

around the same time that Taubert called the Congresswoman's office.  App'x 108–09.  Taubert

contends that this was error because his motivation in making the phone calls was relevant to the

application of the hate crime motivation enhancement and because the political context was

relevant to the caseworker's credibility.  He also argues that the alleged error implicated his Sixth

Amendment right to confront the witnesses against him and present a defense.

Assuming, *arguendo*, that the district court erred in deeming evidence of the political

dispute irrelevant, we nevertheless conclude that any such error was harmless.  *See United States

v. Cummings*, 858 F.3d 763, 771 (2d Cir. 2017) ("An erroneous ruling on the admissibility of

evidence is harmless if the appellate court can conclude with fair assurance that the evidence did

not substantially influence the jury." (quotation marks omitted)).  The evidence presented to the

jury as to Taubert's racial motivations was overwhelming.  *See United States v. Tanner*, 942 F.3d

60, 66 (2d Cir. 2019) (overwhelming evidence renders evidentiary errors harmless).  Taubert's

phone calls, both of which targeted African American officials, were laden with racial epithets.

Taubert claims that the political context would have allowed him to impeach the witness who

answered his call based on, among other things, the high number of threatening calls received

contemporaneously with Taubert's.  But that witness testified that she received no other

threatening calls on the day Taubert called and she memorialized Taubert's threats in an email

written less than fifteen minutes after the phone call with Taubert.  Accordingly, Taubert's

impeachment efforts would have been futile.

Moreover, evidence was presented to the jury indicating that Taubert had political

motivations.  Taubert told a Secret Service agent that his threats directed at President Obama

were motivated by a belief that "Obama was . . . a radical Islamic ideologist, [who] wanted all

Western civilization wiped out" and "that he [Taubert] . . . was a patriot and a proud American."

3

App'x 191.  And his threats to Congresswoman Waters were motivated, in part, because she had "terrorize[d] conservative groups" and so he wanted to "terrorize [her]."  App'x 72. Nevertheless, the jury found that Taubert was substantially motivated by race.  Accordingly, we "conclude with fair assurance" that the exclusion of details related to the feud between President Trump and Congresswoman Waters "did not substantially influence the jury."  *Cummings*, 858 F.3d at 771 (quotation marks omitted).

We likewise reject Taubert's contention that the district court's evidentiary ruling had constitutional implications that warrant reversal of his conviction.  *See United States v. Sampson*, 898 F.3d 287, 308 (2d Cir. 2018) ("[T]he Confrontation Clause [does not] prevent[] a trial judge from imposing *any* limits on defense counsel's cross-examination of government witnesses." (quotation marks omitted)); *United States v. Mi Sun Cho*, 713 F.3d 716, 721 (2d Cir. 2013) ("[A] defendant does not have an unfettered right to offer testimony that is inadmissible under the rules of evidence.").  Taubert concedes that he did not raise his constitutional claims below, so this claim is reviewed for plain error.  *See United States v. Dukagjini*, 326 F.3d 45, 60–61 (2d Cir. 2003).  As explained above, any error in the district court's evidentiary ruling was harmless, so it necessarily did not affect Taubert's substantial rights and therefore does not survive plain error review.  *See* Fed. R. Crim. P. 52(a) (defining "harmless error" as "any error . . . that does not affect substantial rights."); *United States v. Marcus*, 560 U.S. 258, 262 (2010) ("[A]n appellate court may . . . correct an error not raised at trial only where . . . the error affected the appellant's substantial rights." (quotation marks omitted)).  Moreover, the district court allowed Taubert's counsel to cross-examine the caseworker from Congresswoman Waters's office on the increased number of threatening calls and whether that impacted her recollection as to Taubert's call in

particular. Taubert's counsel did not do so. Thus, the district court's ruling did not affect Taubert's ability to cross-examine or develop a defense.

## II. Reasonableness of Sentence

Taubert further contends that his sentence is both procedurally and substantively unreasonable. "We review the [sentencing] work of district courts under a 'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 40 (2007)). Procedural error occurs where, for example, a district court "rests its sentence on a clearly erroneous finding of fact." *Id.* at 190. Substantive error means that the sentence imposed "cannot be located within the range of permissible decisions." *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007) (quotation marks omitted). We discern no error, procedural or substantive, in Taubert's sentence.

Turning first to procedure, Taubert argues that the district court relied on a clearly erroneous factual finding—namely, that he was substantially motivated by race. Not so. The district court relied, as the Sentencing Guidelines require, on the determination of the jury. *See* U.S.S.G. § 3A1.1(a) (requiring that hate crime motivation enhancement's applicability be determined by "the finder of fact at trial"). As noted above, the evidence that Taubert was motivated by race was substantial. Accordingly, the district court's reliance on the jury's finding was not erroneous.

Taubert's claims of substantive unreasonableness are similarly without merit. The district court carefully considered all of the relevant factors. The court emphasized that Taubert's "hateful tirades" "hurt people" and that, despite repeated interactions with law enforcement, Taubert had done nothing to remediate his behavior and repeatedly issued racially tinged threats. App'x 456–57. Recognizing that others convicted for similar offenses had received lower

5

sentences, the district court explained that other defendants had accepted responsibility, unlike Taubert. The court acknowledged Taubert's physical and mental health issues but concluded that Taubert's awareness of the impropriety of his actions warranted sanction. In short, the district court fully considered and carefully weighed all of the factors Taubert addresses on appeal. Moreover, the sentence the district court ultimately imposed—46 months' imprisonment—was at the low end of the range calculated under the Sentencing Guidelines. "While not presumptively reasonable, we have noted that 'in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.'" *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) (quoting *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008)). Accordingly, Taubert's sentence was substantively reasonable.

* * *

We have considered Taubert's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6